EXHIBIT 3

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CSA BIOTECHNOLOGIES, LLC; and N8 PHARMACEUTICALS, INC., ) ) ) | Case No. 2:15-cv-00717-DBP |
| Plaintiffs, ) ) | |
| vs. ) ) | **AFFIDAVIT OF DAVID J. RICHARDS IN SUPPORT OF** |
| KINNEAR PHARMACEUTICALS, LLC; and N8 MEDICAL, INC., ) ) ) | **MOTION TO STAY IN FAVOR OF MANDATORY ARBITRATION** |
| Defendants. ) ) | |

State of Ohio
County of Franklin, SS:

I, David J. Richards, hereby submit the following affidavit and state under oath and penalty of perjury as follows:

1.      I am the acting Chief Executive Officer of the Defendants in the above-captioned matter.

2.      The information contained herein is based on my own personal knowledge of the matters set forth herein.

3.      Defendant, N8 Medical, Inc. ("N8 Medical"), is a corporation organized and existing under the laws of the State of Nevada with its headquarters and principal place of business located in Columbus, Ohio.

4.      N8 Medical is a biopharmaceutical company focused on the research and commercial development of cationic steroid antibiotics (a.k.a. ceragenins or CSAs, but herein referred to as "ceragenins"), which have broad-spectrum antimicrobial activity, as well as numerous other therapeutic activities and attributes of value in healthcare applications.

5.      Defendant, Kinnear Pharmaceuticals, LLC ("Kinnear"), is a limited liability company organized and existing under the laws of the State of Ohio with its headquarters and principal place of business located in Columbus, Ohio.  Kinnear is 100% owned and controlled by N8 Medical.

6.      Kinnear, through itself and its subsidiaries, is a preclinical-stage pharmaceutical company focused on, among other things, developing small molecule pharmaceuticals for gastrointestinal inflammatory conditions and other pharmaceutical purposes using ceragenins. One of Kinnear's current lead programs is an oral rinse prophylaxis treatment using ceragenins for radiation induced oral mucositis in head and neck cancer therapy patients.

7.      In 2010, N8 Medical obtained an *exclusive* license and economic interests from Brigham Young University ("BYU") for the commercial development of ceragenins in certain specified applications and fields of use.

8.      Since 2010, N8 Medical's *exclusive* license from BYU has been amended. Currently, among many other exclusive rights, N8 Medical has exclusive rights for the development, use, manufacture, sublicensing, lease, transfer, and/or sale of all mouthwash and

mouth rinse products, whether prescription or non-prescription, for treatment of, among other things, oral mucositis.

9.      Kinnear, as a wholly-owned affiliate of N8 Medical, is currently pursuing all such products and treatments for mouthwashes and mouth rinses that treat oral mucositis.

10.     Prior to June 2012, the same shareholders that own N8 Medical owned N8 Pharmaceuticals, Inc.

11.     However, effective June 4, 2012, N8 Medical, pursuant Stock Purchase Agreement, sold all the shares of N8 Pharmaceuticals, Inc. to CSA Biotechnologies, LLC.

12.     Prior to closing the Stock Purchase Agreement, I, on behalf of both N8 Medical and N8 Pharmaceuticals, Inc., and with the with the consent and involvement of N8 Pharmaceuticals, Inc. and CSA Biotechnologies, LLC, achieved and negotiated new and amended licensing agreements between (i) N8 Medical and BYU (hereafter "N8 Medical License Agreement"), and (ii) N8 Pharmaceuticals, Inc. and BYU (hereafter "N8 Pharma License Agreement").

13.     A true and accurate copy of N8 Medical License Agreement, as amended, is attached hereto as Exhibit A.

14.     A true and accurate copy of N8 Pharma License Agreement, as amended as of December 31, 2012, is attached hereto as Exhibit B.

15.     Under the above-referenced license agreements, N8 Medical owns and validly holds all license rights from BYU related to any rights and field of use and application rights for the commercialization of any mouthwash and mouth rinse products or technologies using or incorporating ceragenins, including oral mucositis and other conditions of the mouth and gums.

16.     Both the N8 Medical License Agreement and N8 Pharma License Agreement require arbitration of all disputes between the parties in this action regarding rights to commercialize/develop ceragenins and ceragenins products/treatments.

17.     Although Kinnear is not a signatory of the either of the  N8 Medical License Agreement or N8 Pharmaceuticals License Agreements, Kinnear is 100% owned and controlled by N8 Medical, and is an "Affiliate" of N8 Medical as defined in both the N8 Medical License Agreement and N8 Pharma License Agreement.

18.     A true and accurate copy of Kinnear's Operating Agreement is attached hereto as Exhibit C.

19.     A true and accurate copy of Kinnear's incorporation documents are attached hereto as Exhibit D.

20.     Kinnear has agreed to be bound by the arbitration provisions in the N8 Medical License Agreement, as well as the existing arbitration provisions by and among N8 Medical, N8 Pharmaceuticals, and/or CSA Biotechnologies regarding field of use disputes.

**FURTHER AFFIANT SAYETH NAUGHT.**

David J. Richards

Sworn to before me and subscribed in my presence this ___28th___ day of October, 2015.

Notary Public

SEAN ALTO
Attorney At Law
Notary Public, State of Ohio
My commission has no expiration date
Sec. 147.03 R.C.

# EXHIBIT 3A

To be filed under seal upon entrance of order pending before the Court.  A copy of Exhibit 3A has been served via electronic mail to Plaintiff's counsel.

# EXHIBIT 3B

To be filed under seal upon entrance of order pending before the Court.  A copy of Exhibit 3B has been served via electronic mail to Plaintiff's counsel.

# EXHIBIT 3C

---

# OPERATING AGREEMENT

## OF

## KINNEAR PHARMACEUTICALS, LLC

## An Ohio Limited Liability Company

---

THE SECURITIES REPRESENTED BY THIS AGREEMENT HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED NOR REGISTERED NOR QUALIFIED UNDER ANY STATE SECURITIES LAWS. SUCH SECURITIES MAY NOT BE OFFERED FOR SALE, SOLD, DELIVERED AFTER SALE, TRANSFERRED, PLEDGED, OR HYPOTHECATED UNLESS QUALIFIED AND REGISTERED UNDER APPLICABLE STATE AND FEDERAL SECURITIES LAWS OR UNLESS, IN THE OPINION OF COUNSEL REASONABLY SATISFACTORY TO THE COMPANY, SUCH QUALIFICATION AND REGISTRATION IS NOT REQUIRED. ANY TRANSFER OF THE SECURITIES REPRESENTED BY THIS AGREEMENT IS FURTHER SUBJECT TO OTHER RESTRICTIONS, TERMS, AND CONDITIONS WHICH ARE SET FORTH HEREIN.

**OPERATING AGREEMENT**
**OF**
**KINNEAR PHARMACEUTICALS, LLC**

This OPERATING AGREEMENT (this "**Agreement**") of KINNEAR PHARMACEUTICALS, LLC (the "**Company**") is effective as of May 26, 2015 (the "**Agreement Date**").

1.  <u>Formation of Limited Liability Company</u>.  Upon the filing of the Articles of Organization (the "**Articles**"), the Company was formed as a limited liability company under the Ohio Limited Liability Company Act, Ohio Rev. Code tit. 17, et seq., as it may be amended from time to time, and any successor to such statute (the "**Act**") for the purposes and upon the terms and conditions hereinafter set forth.  All actions of the organizing Persons in connection with the organization of the Company are hereby ratified, adopted and approved.  The rights and obligations of each Member and the administration and termination of the Company shall be governed by this Agreement and the Act.  This Agreement shall be considered the "**Operating Agreement**" of the Company within the meaning of Section 1705.1 of the Act.  To the extent this Agreement is inconsistent in any respect with the Act, this Agreement shall control.

2.  <u>Members</u>.  The sole member of the Company on the date hereof is N8 Medical, Inc., a Nevada corporation d/b/a N8 BioSciences, Inc. (the "<u>Member</u>" or "<u>N8 BioSci</u>").

3.  <u>Purpose</u>.  The purpose of the Company is to engage in any lawful business or activity and exercise any powers in which a limited liability company may be engaged under applicable law (including, without limitation, the Act), including but not limited to the pursuit of development and commercialization of technology licensed from N8 BioSci pursuant to sublicense agreement with respect to that certain First Amended Exclusive License Agreement between N8 BioSci and Brigham Young University, on Company's own behalf and through its subsidiaries, as applicable.

4.  <u>Name.</u>  The name of the Company shall be "**Kinnear Pharmaceuticals, LLC**".

5.  <u>Registered Agent and Principal Office.</u>  The name and address of the registered agent of the Company for service of process on the Company in the State of Ohio is Adam P. Richards, Esq., Cooper & Elliott, LLC, 2175 Riverside Drive, Columbus, Ohio 43221.  The address of the principal registered office of the Company in the State of Ohio is 807 Kinnear Rd., Suite 100, Columbus, Ohio 43212.  The Company may have such other offices as the Member may designate from time to time.  The mailing address of the Company shall be 807 Kinnear Rd., Suite 100, Columbus, Ohio 43212.

6.  <u>Term of Company.</u>  The term of the Company commenced upon filing the Articles with the Secretary of State of the State of Ohio and shall continue in existence in perpetuity unless its business and affairs are earlier wound up following dissolution at such time as this Agreement may specify.

7.     Management of Company.

(a)     All decisions relating to the business, affairs and properties of the Company will be made by the Member, except as expressly provided herein.  The Member may, in its sole discretion, appoint such managers or officers of the Company as the Member may deem necessary or advisable to manage the day-to-day business affairs of the Company.  Such managers and officers will serve at the pleasure of the Member.

(b)     Effective on the date hereof, the Member is hereby designated as a "manager" of the Company within the meaning of the Act (the "**Manager**").  The Manager shall have all power and authority that may be delegated to Manager, to operate and direct the business and operations of the Company, including, without limitation, the power and authority to prepare, execute, deliver, acknowledge, attest, file and record, as applicable, any and all agreements, instruments, certificates and other documents on behalf of the Company.

8.     Member Percentage.  The respective ownership interest of each Member (the "**Member Interest**") is set forth on Schedule A attached hereto and incorporated herein by this reference.

9.     Distributions.  Each distribution of cash or other property by the Company shall be made to each Member on a pro rata basis in accordance with each respective Member Interest.  Each item of income, gain, loss, deduction and credit of the Company shall be allocated to each Member on a pro rata basis in accordance with its respective Member Interest.  Notwithstanding any provision to the contrary contained in this Agreement, the Company shall not be required to make a distribution to any Member on account of its interest in the Company if such distribution would violate the Act or other applicable law.

10.     Transfer of Interest; Creditor Levy.  No Member hereunder may transfer its interests and rights hereunder, unless approved by the Manager and a majority of the Members.  If any creditor levies upon or otherwise acquires any interest in a Member's Member Interest, or other interests and/or rights hereunder, such creditor shall only have the ability to acquire the relevant Member's right to any distributions made pursuant to Section 9.  Any payments or distributions made to creditor(s) by Company in the case of the foregoing sentence shall reduce the right of the relevant Member to receive such distributions by the amount paid to such creditor(s).  In no event shall any creditor of any Member have the ability to obtain any voting rights or control of the Company of any kind.

11.     Dissolution and Winding Up.  The Company shall dissolve and its business and affairs shall be wound up (i) upon disposition or sale of all of the assets of Company, unless determined otherwise by the Members, (iii) pursuant to a written instrument executed by each Member, (iv) at any time there are no members of the Company, unless the Company is continued in accordance with the Act, or (v) when required by a decree of judicial dissolution entered under the Act.  In the event of dissolution, the Company shall conduct only such activities as are necessary to wind up its affairs (including the sale of the property of the Company in an orderly manner).

12.   Amendments.  This Agreement may be amended or modified from time to time only by a written instrument executed by the Member.

13.   Governing Law.  This Agreement, and all rights and remedies in connection therewith, will be governed by, and construed under, the laws of the State of Ohio, without regard to otherwise governing principles of conflicts of law (whether of the State of Ohio or otherwise) that would result in the application of the laws of any other jurisdiction.

14.   Severability of Provisions.  Each provision of this Agreement shall be considered separable and if for any reason any provision or provisions herein are determined to be invalid, unenforceable or illegal under any existing or future law, such invalidity, unenforceability or illegality shall not impair the operation of or affect those portions of this Agreement which are valid, enforceable and legal.

15.   Exculpation.  Notwithstanding any other provisions of this Agreement, whether express or implied, or any obligation or duty at law or in equity, neither a Member nor any officers or managers of the Company, or any officers, directors, stockholders, partners, members, employees, affiliates, representatives or agents of the Company or any Members (individually, a "Covered Person" and, collectively, the "Covered Persons") shall be liable to the Company or any other person for any act or omission (in relation to the Company, its property or the conduct of its business or affairs, this Agreement any related document or any transaction or investment contemplated hereby or thereby) taken or omitted by a Covered Person in the reasonable belief that such act or omission is in or is not contrary to the best interests of the Company and is within the scope of authority granted to such Covered Person pursuant to this Agreement, provided such act or omission does not constitute fraud, willful misconduct or bad faith.

16.   Indemnification.  To the fullest extent permitted by law, the Company shall indemnify and hold harmless each Covered Person from and against any and all losses, claims, demands, liabilities, expenses, judgments, fines, settlements and other amounts arising from any and all claims, demands, actions, suits or proceedings, civil, criminal, administrative or investigative ("Claims"), in which the Covered Person may be involved, or threatened to be involved, as a party or otherwise, by reason of its management of the affairs of the Company or which relates to or arises out of the Company or its property, business or affairs.  A Covered Person shall not be entitled to indemnification under this Section with respect to (i) any Claim with respect to which such Covered Person has engaged in fraud, willful misconduct, or bad faith, or (ii) any Claim initiated by such Covered Person unless such Claim (or part thereof) (A) was brought to enforce such Covered Person's rights to indemnification hereunder or (B) was authorized or consented to by each Member.  Expenses incurred by a Covered Person in defending any Claim shall be paid by the Company in advance of the final disposition of such Claim upon receipt by the Company of an undertaking by or on behalf of such Covered Person to repay such amount if it shall be ultimately determined that such Covered Person is not entitled to be indemnified by the Company as authorized by this Section.

17.   Amendments Regarding Exculpation and Indemnification.  Any repeal or modification of the foregoing two Sections by the Member shall not adversely affect any rights of such Covered Person pursuant to such Sections, including the right to indemnification and to the

advancement of expenses of a Covered Person existing at the time of such repeal or modification with respect to any acts or omissions occurring prior to such repeal or modification.

18.    <u>Counterparts</u>.    This Agreement may be executed in any number of counterparts, any of which may be delivered via facsimile or PDF, each of which will be deemed to be an original and all of which will constitute one agreement, binding on all parties hereto.

*[SIGNATURE PAGE FOLLOWS]*

IN WITNESS WHEREOF, the parties hereto have duly executed this Operating Agreement of Kinnear Pharmaceuticals, LLC as of the Agreement Date.

**MEMBER**

**N8 MEDICAL, INC. D/B/A N8 BIOSCIENCES, INC.**

By: _David J. Richards_
Name:  David J. Richards
Title:   Chairman

6

## SCHEDULE A

## MEMBER INTERESTS

Member:                                                    Ownership Percentage:

N8 Medical, Inc. d/b/a N8 BioSciences, Inc.                              100%

# EXHIBIT 3D



| DATE | DOCUMENT ID | DESCRIPTION | FILING | EXPED | PENALTY | CERT | COPY |
|------|-------------|-------------|--------|-------|---------|------|------|
| 06/02/2015 | 201514600992 | DOMESTIC FOR PROFIT LLC - ARTICLES OF ORG (LCP) | 125.00 | 0.00 | 0.00 | 0.00 | 0.00 |

**Receipt**
This is not a bill. Please do not remit payment.

DAVID RICHARDS
500 SOUTH FRONT ST., SUITE 1200
COLUMBUS, OH 43215

# S T A T E   O F   O H I O
## C E R T I F I C A T E

### Ohio Secretary of State, Jon Husted
#### 2398042

It is hereby certified that the Secretary of State of Ohio has custody of the business records for

KINNEAR PHARMACEUTICALS, LLC

and, that said business records show the filing and recording of:

Document(s)                                                   Document No(s):
**DOMESTIC FOR PROFIT LLC - ARTICLES OF ORG**                 201514600992
             Effective Date:  05/26/2015



United States of America
State of Ohio
Office of the Secretary of State

Witness my hand and the seal of the
Secretary of State at Columbus, Ohio this
2nd day of June, A.D. 2015.

*Jon Husted*

**Ohio Secretary of State**



Form 533A Prescribed by:
Ohio Secretary of State

Jon Husted
Ohio Secretary of State

Central Ohio: (614) 466-3910
Toll Free: (877) SOS-FILE (767-3453)
www.OhioSecretaryofState.gov
Busserv@OhioSecretaryofState.gov

Date Electronically Filed: 5/26/2015

# Articles of Organization for a Domestic
# Limited Liability Company
### Filing Fee: $125

**CHECK ONLY ONE (1) BOX**

(1) ☒ Articles of Organization for Domestic
For-Profit Limited Liability Company
(115-LCA)

(2) ☐ 2Articles of Organization for Domestic
Nonprofit Limited Liability Company
(115-LCA)

Name of Limited Liability Company | KINNEAR PHARMACEUTICALS, LLC

Name must include one of the following words or abbreviations: "limited liability company," "limited," "LLC," "L.L.C.," "ltd., "or "ltd"

Effective Date
(Optional)   | 5/26/2015 |   (The legal existence of the limited liability company begins upon the filing
mm/dd/yyyy   of the articles or on a later date specified that is not more than ninety days
after filing)

This limited liability company shall exist for | _____
(Optional)   | Period of Existence

Purpose
(Optional)

**\*\*Note for Nonprofit LLCs**
The Secretary of State does not grant tax exempt status. Filing with our office is not sufficient to obtain state or federal tax
exemptions. Contact the Ohio Department of Taxation and the Internal Revenue Service to ensure that the nonprofit
limited liability company secures the proper state and federal tax exemptions. These agencies may require that a purpose
clause be provided.

Form 533A                    Page 1 of 3                    Last Revised: 5/14/2014

## ORIGINAL APPOINTMENT OF AGENT

The undersigned authorized member(s), manager(s) or representative(s) of

| KINNEAR PHARMACEUTICALS, LLC |
| --- |

Name of Limited Liability Company

hereby appoint the following to be Statutory Agent upon whom any process, notice or demand required or permitted by statute to be served upon the limited liability company may be served. The name and address of the agent is

| ADAM P. RICHARDS |
| --- |

Name of Agent

| 2175 RIVERSIDE DR |
| --- |

Mailing Address

| COLUMBUS | | OH | | 43221 |
| --- | --- | --- | --- | --- |

City                                         State            ZIP Code

## ACCEPTANCE OF APPOINTMENT

The undersigned, | ADAM P. RICHARDS | named herein as the statutory agent

Statutory Agent Name

for | KINNEAR PHARMACEUTICALS, LLC |

Name of Limited Liability Company

hereby acknowledges and accepts the appointment of agent for said limited liability company

Statutory Agent Signature | ADAM P. RICHARDS |

Individual Agent's Signature / Signature on Behalf of Business Serving as Agent

Form 533A                     Page 2 of 3                     Last Revised: 5/14/2014

By signing and submitting this form to the Ohio Secretary of State, the undersigned hereby certifies that he or she has the requisite authority to execute this document.

**Required**
Articles and original appointment of agent must be signed by a member, manager or other representative.

If authorized representative is an individual, then they must sign in the "signature" box and print their name in the "Print Name" box.

If authorized representative is a business entity, not an individual, then please print the business name in the "signature" box, an authorized representative of the business entity must sign in the "By" box and print their name in the "Print Name" box.

DAVID RICHARDS
Signature

By (if applicable)

Print Name

Signature

By (if applicable)

Print Name

Signature

By (if applicable)

Print Name

Form 533A                Page 3 of 3                Last Revised: 5/14/2014