Steven C. Smith, Bar No. 04508
John S. Clifford, Bar No. 10125
SMITH LC
3161 Michelson Drive, Suite 925
Irvine, CA 92612
Telephone:    (949) 416-5000
Facsimile:    (949) 416-5555
E: ssmith@smith-lc.com
E: jclifford@smith-lc.com

Richard R. Thomas (Admitted Pro Hac Vice)
Stephen C. Biggs (Admitted Pro Hac Vice)
SMITH LC
4505 East Chandler Boulevard, Suite 290
Phoenix, Arizona 85018
T: 480-361-8575
F: 480-350-7309
E: rthomas@smith-lc.com
E: sbiggs@smith-lc.com

*Attorneys for Plaintiffs CSA Biotechnologies, LLC, and
N8 Pharmaceuticals, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| CSA BIOTECHNOLOGIES, LLC; and N8 PHARMACEUTICALS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> KINNEAR PHARMACEUTICALS, LLC; and N8 MEDICAL, INC., <br><br> Defendants. | Case No. 2:15-cv-00717-DN-PMW <br><br> **PLAINTIFFS' AMENDED CROSS-MOTION FOR A PRELIMINARY AND PERMANENT INJUNCTION ENJOINING DEFENDANT N8 MEDICAL, INC. FROM CONTINUING PENDING AAA ARBITRATION; AND MOTION FOR EVIDENTIARY HEARING THEREON** |

1

Pursuant to Rule 65, *FRCP,* and *DUCivR* 7-1(b)(1)(A), Plaintiffs seek a preliminary injunction enjoining Defendant N8 Medical, Inc. ["N8 Medical"] from continuing the pending AAA arbitration ("the St. Louis arbitration") N8 Medical initiated against Plaintiffs and that is the subject of Defendants' current and pending Motion to Stay Litigation and Compel Arbitration (Doc. 11)("Motion to Stay").  Because this motion relates directly to Defendants' Motion to Stay, Plaintiffs designate this motion as a "cross-motion" under *DUCivR* 7-1(b)(1)(A).

## I.   INTRODUCTION

This case arises from an Exclusive License Agreement dated August 3, 2012, between Brigham Young University ("BYU"), as licensor, and N8 Pharmaceuticals, Inc., as licensee (hereinafter "the Pharma License").  As Plaintiffs allege in the Complaint, Defendants have knowingly and maliciously usurped and interfered with Plaintiffs' valuable rights under the Pharma License.  Plaintiffs seek monetary and injunctive remedies under the Lanham Act, among other claims.

Defendants now seek an order from this Court staying this action and compelling Plaintiffs to arbitrate the issues raised in this case.  Plaintiffs have addressed that Motion to Stay with a separate response, as required by this Court's Local Rules. (See Doc. 25) In addition to Plaintiffs' request in Doc. 25 to deny Defendants' Motion to Stay, through this request for injunctive relief, Plaintiffs ask that this Court affirmatively stay the St. Louis arbitration.

Plaintiffs' request for injunctive relief in this motion takes two separate but related avenues.  First, Plaintiffs request <u>immediate</u> preliminary injunctive relief to stop the St. Louis arbitration while this Court determines whether to grant or deny Defendants' Motion to Stay.  Second, Plaintiffs seek permanent injunctive relief to enjoin N8 Medical from continuing the St. Louis arbitration.  Whether to grant Plaintiffs' request for permanent injunctive relief will, of course, depend upon this Court's ultimate ruling on Defendants' Motion to Stay.  If the Court denies that Motion to Stay, Plaintiffs respectfully request that the Court permanently bar N8 Medical from continuing the St. Louis arbitration.

Given the nature of the issues in Defendants' Motion to Stay and this request for injunctive relief, Plaintiffs respectfully suggest that an evidentiary hearing on arbitrability is appropriate and feasible and, consequently, Plaintiffs move for such an evidentiary hearing

## II.     FACTUAL BACKGROUND

In support of this request for injunctive relief, as allowed by this Court's Local Rules, Plaintiffs incorporate by reference Plaintiffs' response in opposition to Defendants' Motion to Stay. (*See*, Doc. 25)  Plaintiffs' response provides the factual background and foundation for this request for injunctive relief.

## III.    <u>THIS COURT SHOULD IMMEDIATELY ENJOIN N8 MEDICAL FROM CONTINUING WITH THE ST. LOUIS ARBITRATION WHILE THE COURT DETERMINES THE ISSUE OF ARBITRABILITY.</u>

Plaintiffs describe below the reasons this court should permanently enjoin N8 Medical from continuing the St. Louis arbitration.  However, before addressing those

issues, Plaintiffs address the issue of immediate relief. The St. Louis arbitration is currently proceeding unabated. In order to preserve the rights of Plaintiffs and the jurisdiction of this Court, this Court should temporarily and preliminarily enjoin N8 Medical from proceeding with the St. Louis arbitration. Under these circumstances, "courts have concluded that a district court's issuance of a preliminary injunction 'briefly freezing the parties' dispute resolution activities until it determines arbitrability, is surely appropriate.'" *Monavie, LLC v. Quixtar Inc.,* 741 F. Supp. 2d 1227, 1237-38 (D. Utah, 2009)(J. Jenkins)(*quoting McLaughlin Gormley King Co. v. Terminix Int'l Co.,* 105 F. 3d 1192, 1194 (8th Cir. 1997).

Thus, for the reasons Plaintiffs describe in this entire motion, together with Plaintiffs' opposition to Defendants' Motion to Stay (Doc. 25), Plaintiffs ask this Court to temporarily and preliminarily enjoin N8 Medical from continuing with the St. Louis arbitration while this Court considers and decides the issue of arbitrability. Because the St. Louis arbitration is proceeding, Plaintiffs respectfully urge that a temporary injunction to stop that arbitration is of some urgency. Plaintiffs thus ask that this Court consider this request for preliminary injunctive relief on an expedited basis.

### IV. THIS COURT SHOULD PRELIMINARILY ENJOIN N8 MEDICAL FROM CONTINUING THE ST. LOUIS ARBITRATION WHILE THE COURT DETERMINES THE ISSUE OF ARBITRABILITY.

Plaintiffs can satisfy the requirements for a preliminary injunction enjoining N8 Medical from continuing the St. Louis arbitration. This Court should therefore grant such an injunction.

### A.  This Court Has Jurisdiction to Consider the Issue of Arbitrability.

The parties to the arbitration provisions at issue did not agree that the arbitrators were to determine the issue of arbitrability. This Court thus has jurisdiction to determine arbitrability.  *See, John Wiley & Sons, Inc. v. Livingston,* 376 U.S. 543, 547 (1964); *Monavie, LLC v. Quixtar Inc.,* 741 F. Supp. 2d 1227, 1237-38 (D. Utah, 2009)(J. Jenkins).

With the jurisdiction to determine arbitrability, this Court should immediately and temporarily enjoin Defendants from continuing the St. Louis arbitration while this Court considers the arbitrability issues raised in Defendants' Motion to Stay.

### B.  This Court Should Convene an Evidentiary Hearing to Consider Defendants' Motion to Stay, Plaintiffs' Objection Thereto, and, if Necessary, to Consider Plaintiff's Request For a Preliminary Injunction.

In carrying out its task to determine arbitrability, a court "must engage in a limited inquiry to determine whether a valid agreement to arbitrate exists between the parties and whether the specific dispute falls within the scope of that agreement." *Monavie,* 741 F. Supp. 2d at 1238 (*quoting Houlihan v. Offerman & Co., Inc.,* 31 F. 3d 692, 696 (8th Cir. 1994).  Such an inquiry should entail a sufficient evidentiary hearing to allow the court to address and resolve disputed issues of fact on and the validity and applicability of the arbitration provision at issue. *Monavie, LLC v. Quixtar Inc.,* 741 F. Supp. 2d 1227, 1232, 1239 (D. Utah, 2009)(seven day evidentiary hearing on issue of arbitrability/injunctive relief); *Clar Productions, Ltd v. Isram Motion Pictures Production Services, Inc.,* 529 F. Supp. 381, 383 (S.D.N.Y. 1982).  Moreover, the need for such an evidentiary hearing carries with it the right to conduct discovery on the issues to be tried in the evidentiary

hearing. *See, Collins v. Taco Bell Corp.,* 2013 WL 3984252, *2, CV-13-0458 (July 31, 2013, C.D. Cal.)

This Court should thus convene and evidentiary hearing on (1) Defendants' Motion to Stay and Plaintiffs' objection thereto; and (2), if necessary, Plaintiffs' request below for a preliminary injunction.

### C. Plaintiffs Can Satisfy the Requirements of Rule 65 For Preliminary Injunctive Relief.

To obtain a preliminary injunction staying a pending arbitration under Rule 65, *FRCP,* Plaintiffs must establish (1) a likelihood of success on the merits of the arbitrability issue; (2) likelihood of irreparable harm in the absence of preliminary injunctive relief; (3) the balance of equities "tips" in Plaintiffs' favor; and (4) the preliminary injunction is in the public interest. Based upon the facts and argument Plaintiffs set forth in their opposition to Defendants' Motion to Stay (Doc. 25); and applicable principles of Rule 65, *FRCP*, Plaintiffs can establish the requirements of Rule 65 for a preliminary injunction enjoining N8 Medical from continuing the St. Louis arbitration while this Court considers the issue of arbitrability.

#### 1. Plaintiffs Have Shown a Sufficient Likelihood of Success on the Merits of Arbitrability.

Plaintiffs have demonstrated in their opposition to Defendants' Motion to Stay that the issues in this case are not subject to any arbitration agreement. (Doc. 25)  At a minimum, Plaintiffs have shown a likelihood of success sufficient to justify a preliminary injunction stopping the St. Louis arbitration pending a resolution of arbitrability, especially

given the serious irreparable harm that will ensue if Plaintiffs are required to arbitrate claims not subject to an arbitration agreement.[1]

### 2. Plaintiffs Will Suffer Irreparable Harm Unless the Court Enjoins N8 Medical From Continuing the St. Louis Arbitration Pending This Court's Ruling on Arbitrability.

In this context, the issue of irreparable harm is an uncomplicated matter. Quite simply, "injury to a party who is forced to submit to arbitration when it did not agree to do so constitutes *per se* irreparable harm for the purposes of preliminary injunctive relief." *Monavie, LLC v. Quixtar Inc.,* 741 F. Supp. 2d 1227, 1242 (D. Utah, 2009). Thus, Plaintiffs will, as a matter of law, suffer irreparable harm if forced to now participate in the St. Louis arbitration, only to have this Court later determine that they were not required to do so.

### 3. The Balance of Equities Favors Plaintiffs.

Given the irreparable harm Plaintiffs face, the balance of equities surely favors Plaintiffs. Defendants cannot point to any harm that will befall them if this Court pushes the "pause" button on the St. Louis arbitration long enough for this Court to determine the issue of arbitrability. If Plaintiffs prevail on the issue of arbitrability, Defendants will have been denied no right to arbitrate. If Defendants prevail, they will be free to proceed according to the order of this Court. *See, Monavie,* 741 F. Supp. 2d at 1242. The balance of equities strongly favors Plaintiffs.

---

[1] When considering a motion for preliminary injunction, the 10th Circuit employs the "sliding scale" approach. *See, Davis v. Mineta,* 302 F. 3d 1104, 1116-17 (10th Cir. 2002)

### 4. The Public Interest Strongly Favors Plaintiffs.

A preliminary injunction freezing the status quo until the Court determines arbitrability is clearly in the public interest. There is a strong public policy against forcing parties to arbitrate where they have not agreed to do so. *See, Kellogg Brown & Root Servs. v. Altanmia Commer. Mktg. Co. W.L.L.,* No. 07–2684, 2007 WL 4190795, *19–20 (S.D.Tex. Nov. 21, 2007). In the words of Judge Jenkins from this district,

> [T]he general policy favoring arbitration does not trump the specific terms of arbitration agreements, and...the public interest is better served by giving effect to those contractual obligations – including the limits on their scope concerning arbitrable issues....

*See, Monavie,* 741 F. Supp. 2d at 1242-43.

## V. CONCLUSION

This Court has jurisdiction to determine the arbitrability of the claims Plaintiffs have asserted against Defendants in this case. Pending this Court's disposition of that issue, this Court should preliminarily enjoin N8 Medical from continuing the St. Louis arbitration. Moreover, this Court should convene an evidentiary hearing to determine these issues. The evidentiary hearing should also include the right to do limited discovery. Once the Court has considered the issue of arbitrability, the Court should deny Defendants' Motion to Stay and should permanently enjoin N8 Medical from continuing with the St. Louis arbitration.

Given the fact that the St. Louis arbitration is proceeding, there is urgency to the question of a preliminary injunction. Consequently, this Court should consider the request for a preliminary injunction on an expedited basis.

DATED this 18th day of November, 2015.

                                        SMITH LC

                                        /s/ Richard R. Thomas
                                        Richard R. Thomas (Admitted Pro Hac Vice)
                                        Stephen C. Biggs (Admitted Pro Hac Vice)
                                        4505 East Chandler Boulevard, Suite 290
                                        Phoenix, Arizona 85018

                                        Steven C. Smith, Bar No. 04508
                                        John S. Clifford, Bar No. 10125
                                        3161 Michelson Drive, Suite 925
                                        Irvine, California 92612

                                        *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing PLAINTIFFS' AMENDED CROSS-MOTION FOR A PRELIMINARY AND PERMANENT INJUNCTION ENJOINING DEFENDANT N8 MEDICAL, INC. FROM CONTINUING PENDING AAA ARBITRATION; AND MOTION FOR EVIDENTIARY HEARING THEREON was filed with the Court on this 18th day of November, 2015 and served via ECF on all parties who have requested notice:

Bryon Benevento, Esq.
Kimberly Neville, Esq.
DORSEY & WHITNEY LLP
136 South Main Street
Salt Lake City, UT, 84101-1685
E: neville.kimberly@dorsey.com
E: benevento.bryon@dorsey.com
T: (801) 933-8951

*Attorneys for Defendants Kinnear Pharmaceuticals, LLC and N8 Medical, Inc.*

/s/ Richard R. Thomas